UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISON

| | |
|---|---|
| Tyrone Perry, | Civil Action No. 1:18-2349-BHH |
| Plaintiff, | |
| vs. | |
| | **OPINION AND ORDER** |
| Warden Willie Davis, Terre Marshall, Kennard Dubose, Program Manager Kim Jones, Doctor Beverly Wood, Hospital Director James Stoney Drake, Unit Manager Captain Jacque Holsinger, and Andrew Hodge, | |
| Defendants. | |

Plaintiff Tyrone Perry ("Plaintiff") brought this civil action pursuant to 42 U.S.C § 1983, alleging violations of his constitutional rights during his incarceration at Kirkland Correctional Institution ("KCI") and Gilliam Psychiatric Hospital ("GPH"). (ECF. No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. The matter is now before this Court for review of the Report and Recommendation ("Report") issued by Magistrate Judge Hodges on June 17, 2019. (ECF No. 128.) In her Report, the Magistrate Judge recommends that this Court deny Defendants Warden Willie Davis ("Warden"); Terre Marshall, SCDC Director of Health Services ("Health Services Director"); Kennard Dubose, SCDC Assistant Director of Health Services ("Health Services Assistant Director"); Kim Jones, a KCI program manager ("Program Manager"); Dr. Beverly Wood, KCI's Chief Psychiatrist ("Psychiatrist"); James Stoney Drake, GPH Director ("GPH Director"); Captain Jacque

1

Holsinger ("Captain Holsinger"); and Andrew Hodge, a qualified mental health professional's ("Counselor") (collectively "Defendants") motion for summary judgment (ECF No. 95) as to Plaintiff's Fourteenth Amendment claim that Warden and Psychiatrist involuntarily transferred him to GPH without due process and grant Defendants' motion for summary judgment as to all other claims and defendants. (ECF No. 128 at 33–34.) The Report sets forth in detail the relevant facts and standards of law, and the Court incorporates them here without recitation.[1]

## BACKGROUND

Magistrate Judge Hodges issued the Report on June 17, 2019. (ECF No. 128.) Plaintiff filed objections on July 1, 2019. (ECF No. 130.) Defendants also filed objections on July 1, 2019, objecting only to the portion of the Magistrate Judge's Report that recommends Defendants' motion for summary judgment be denied as to Plaintiff's allegation that Warden and Psychiatrist involuntarily transferred him to GPH without due process. (ECF No. 131.) Defendants filed a response to Plaintiff's objections on July 15, 2019. (ECF No. 132.) Likewise, Plaintiff filed a response to Defendants objections on July 29, 2019. (ECF No. 135.) On July 29, 2019, Plaintiff also filed a reply to Defendants' response to his objections. (ECF No. 136.) The matter is ripe for consideration and the Court now issues the following ruling.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] As always, the Court says only what is necessary to address the parties' objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; exhaustive recitation of law and fact exist there.

determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

### A. Defendants' Objections (ECF No. 131)

In her Report, Magistrate Judge Hodges recommends that Defendants' motion for summary judgment should only be denied as to Plaintiff's due process claim regarding his commitment to GPH, and only with respect to Warden and Psychiatrist. (ECF No. 128 at 8–10, 33–34.) Defendants assert Plaintiff voluntarily transferred to GPH and support this assertion with affidavits and a note in a medical record. (*Id.* at 9.) Plaintiff, through his own affidavits and declaration, contends that Psychiatrist involuntarily committed him in retaliation for his complaints about Program Manager, Psychiatrist failed to follow South Carolina Department of Corrections ("SCDC") protocol for involuntary commitments, Plaintiff did not meet the criteria for involuntary commitment, and the commitment was the result of a conspiracy among Defendants to discriminate against him based on his race, size, and disability. (*Id.*) The Magistrate Judge found that the record does not establish Plaintiff's commitment to GPH was voluntary, and therefore recommends

3

denying Defendant's motion for summary judgment on this aspect of Plaintiff's due process claim. (*Id.* at 10.)

Defendants object by arguing that the record evidence *does* show Plaintiff was voluntarily admitted to GPH. (ECF No. 131 at 3.) They emphasize that Plaintiff has not supported his allegation of involuntary commitment to GPH other than by his own self-serving affidavits and declaration. (*Id.*) Defendants contend that genuine issues of material fact are not demonstrated by bald statements of a non-moving party, whether in the pleadings or in other documents. (*Id.* at 3–4 (citing *Stone v. University of Md. Medical Sys. Corp.*, 855 F.2d 167, 175 (4th Cir. 1988) ("[A]n apparent dispute is not 'genuine' within contemplation of the summary judgment rule unless the non-movant's version is supported by sufficient evidence to permit a reasonable jury to find the fact in his favor.")).) Defendants argue that the record evidence cited by Magistrate Judge Hodges to demonstrate that Plaintiff did not want to be at GPH shows, at most, that Plaintiff was unhappy at GPH, not that he was involuntarily committed. (*Id.* at 4.) Moreover, Defendants note they have supported their contention that Plaintiff was voluntarily committed to GPH with numerous affidavits and an authenticated SCDC medical note, including Psychiatrist's affidavit testimony that she told Plaintiff multiple times he could prepare a request in writing to leave GPH since he was voluntarily admitted. (*Id.* at 4–5.)

After close review of the relevant materials in the record, the Court overrules Defendants' objections and adopts the Magistrate Judge's recommendation with respect to Plaintiff's due process claim regarding his allegedly involuntary commitment to GPH. While it is true that Defendants have supported with affidavits and the GPH admission record their assertion that Plaintiff voluntarily transferred to GPH (*see* Psychiatrist Aff., ECF No. 95-4 at 1; GPH Director Aff., ECF No. 95-6 at 1; Program Manager Aff., ECF No. 95-9 at 2; GPH

Admission Note, ECF No. 95-2 at 12 ("Inmate is a 38 year ol[d] African American male admitted to GPH from KIC/ICS voluntarily cause is unknown.")), Plaintiff has also submitted affidavits, a declaration, and other documents contending his commitment was involuntary (*see* Verified Am. Compl., ECF No. 63 at 2–4 (averring Plaintiff's commitment to GPH was involuntary, retaliatory, and in violation of SCDC procedures); 1st Perry Aff. ¶ 2, ECF No. 63-1 at 1 ("On 1-16-18 I was placed in the mental hospital GPH for exercising my constitutional rights as a form of punishment."); 2d Perry Aff. ¶ 2, ECF No. 106-1 at 1 ("I was retaliated against and involuntarily housed in GPH for exercising my first amendment constitutional right."); Opp'n Mem., ECF No. 116-1 at 4 (repeatedly arguing the hospitalization was involuntary and stating, "The plaintiff knows what a voluntary admission form to GPH look[s] like and the defendants attempt to deceive the courts with release of medical record forms and health history form. I signed a voluntary admission form on 4-27-15 and 8-15-17. I was made to go to GPH against my will . . . ."); Perry Decl. ¶ 6, ECF No. 117 at 1 ("In April 2015 the plaintiff voluntarily signed to go to GPH and on 8/15/17 the plaintiff voluntarily signed to go to GPH. The plaintiff knows what a voluntary form look[s] like. On 1-16-18 the plaintiff was forced to go to GPH involuntarily with no other option in front of many witnesses."); Resp. to Defs.' Objection, ECF No. 135 at 1 (stating: "I object to page 3 under analysis of defendants' specific objection, that whole paragraph. The ICS program where the plaintiff was housed was IN GENERAL POPULATION. I would NOT go to GPH of 23 hr lockdown." (emphasis in original); and "Doctor Wood stated in an affidavit I could of [sic] filed or prepared a request in writing to leave GPH. If that was the case why would the plaintiff write 30 lawyers, the U.S. Dept. of Justice and Judge Childs to be released. The plaintiff was involuntarily committed as an act of retaliation from Defendant Jones, Davis, and Wood.")). In addition, the same medical record that Defendants' cite as evidence that Plaintiff was voluntarily transferred states, in a different entry made by a treating psychiatrist: "Spoke to [Plaintiff] on the rock regarding his

request for discharge. He continues to demand that he be discharged from GPH and wants to go to Tyger River CI to be near family. He expressed frustration with being at GPH and does not feel that he should have ever been admitted." (ECF No. 95-2 at 8.) There is more record evidence, which the Court will not rehash here, to support the fact that Plaintiff did not want to be at GPH. (*See* ECF No. 128 at 9–10.) Suffice it to say, the Court is not permitted to make credibility determinations when considering conflicting evidence at the summary judgment stage, and Plaintiff has presented sufficient evidence for a reasonable juror to conclude that Plaintiff was involuntarily committed. *See Stone*, 855 F.2d at 175. Accordingly, the motion for summary judgment is denied as to Plaintiff's due process claim against Warden and Psychiatrist regarding his commitment to GPH.

### B. Plaintiff's Objections (ECF No. 130)

With respect to the remainder of Plaintiff's claims, Magistrate Judge Hodges found: (1) Plaintiff's unsupported allegations that he was placed on administrative segregation without due process "do not present circumstances of atypical and significant hardship" (ECF No. 128 at 8); (2) Plaintiff "failed to state an actionable due process claim regarding" the allegations that his personal property was misplaced during his transfer to GPH (*id.* at 12); (3) Plaintiff, in his conditions of confinement claim pertaining to sanitation, "failed to show a serious deprivation of a basic human need or that he suffered a serious or significant physical injury" (*id.* at 15); (4) Plaintiff failed to connect his alleged denial of access to the courts based upon computer access at GPH and mailroom error at KCI to the alleged injuries (*id.* at 16–19); (5) Plaintiff failed to show a serious medical need or deliberate indifference by Defendants as to Plaintiff's claim regarding an alleged knee injury suffered during an altercation with two other inmates (*id.* at 19–22); (6) Plaintiff failed to support his conclusory allegations of retaliation or conspiracy with evidence (*id.* at 22–24); (7) Plaintiff did not provide

6

evidence of or allege sufficient facts to support any other cause of action that Plaintiff's assertions could be construed to allege (*id.* at 24–26); and (8) Plaintiff failed to allege sufficient facts to state a claim of supervisory liability against Defendants (*id.* at 26–27).

In his seventeen-page filing, Plaintiff walks through the Magistrate Judge's Report expressing various "objections" on a page-by-page, sometimes paragraph-by-paragraph, basis. (*See* ECF No. 130.) Despite their length and their purported response to specific sections of the Report, Plaintiff's objections fail to point to any specific error in the Magistrate Judge's reasoning or conclusions. Rather, the objections consist of rambling and disjointed statements, conclusory allegations unsupported by evidence, and irrelevant assertions that provide no assistance to Plaintiff in his attempt to avoid summary judgment. (*See id.*) Suffice it to say, the Court agrees with the Magistrate Judge's comprehensive and well-reasoned Report. After *de novo* review, the Court finds that the Magistrate Judge fairly and accurately summarized the facts, applied the correct principles of law, and committed no error. Moreover, the Court finds that Plaintiff's objections lack merit, and they are hereby overruled. Accordingly, the motion for summary judgment is granted with respect to all claims and all Defendants except for Plaintiff's due process claim regarding his alleged involuntary commitment to GPH.

## **CONCLUSION**

For the reasons set forth above, the Report (ECF No. 128) of the Magistrate Judge is ADOPTED and incorporated herein. The Court OVERRULES Plaintiff's and Defendants' objections (ECF Nos. 130 & 131). Defendants' motion for summary judgment (ECF No. 95) is DENIED as to Plaintiff's Fourteenth Amendment claim that Warden Willie Davis and Dr. Beverly Wood involuntarily transferred him to GPH without due process, and GRANTED as to all other claims and Defendants. The matter is referred back to

Magistrate Judge Hodges for further pretrial handling in preparation for a trial on the merits of the one remaining claim.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 17, 2020
Charleston, South Carolina